UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUROPE R. COLBERT,

        Plaintiff,                                      Case No. 2:25-cv-11829

v.                                                         Honorable Susan K. DeClercq
                                                           United States District Judge

BRANDON A. WRIGHT,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES (ECF No. 2) AND SUMMARILY DISMISSING COMPLAINT (ECF No. 1)

### I. BACKGROUND

On June 18, 2025, Europe Colbert, proceeding without an attorney, sued Brandon Wright for "tort," "slander," and "sexual assault," alleging that he harassed her at work in various distressing ways, which forced her to quit. ECF No. 1. Colbert's complaint indicates that this Court has federal-question jurisdiction over these claims. *Id.* at PageID.8. At the same time she filed her complaint, Colbert applied to proceed without prepaying fees or costs (i.e., *in forma pauperis*). ECF No. 2. Because Colbert's application supports her allegations of poverty, it will be granted. However, because the complaint fails to allege any plausible basis for subject-matter jurisdiction, the case will be dismissed.

## II. LEGAL STANDARD

Because Colbert proceeds *in forma pauperis*, her claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Further, because Colbert proceeds *pro se*, her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Colbert is not immune from compliance with the Federal Civil Rules. Her complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, her complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. DISCUSSION

Here, Colbert's claims must be dismissed because this Court lacks subject-matter jurisdiction over them.

Subject-matter jurisdiction describes a court's power to hear a case. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Without subject-matter jurisdiction, a court is powerless to act. *See id.* Further, the subject-matter jurisdiction of federal courts—like this Court—is limited. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Unlike state trial courts, federal courts may decide only those cases "that the Constitution and Congress have empowered them to resolve." *Id.*

Specifically, federal courts have jurisdiction to hear claims that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This is known as federal-question jurisdiction. Federal courts also have jurisdiction to hear cases between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). This is known as diversity jurisdiction. If there is no federal-question jurisdiction or diversity jurisdiction, this Court may not hear the case and must dismiss it. *See* FED. R. CIV. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (recognizing that "courts . . . have an independent obligation

- 3 -

to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").

Here, there is neither federal-question jurisdiction nor diversity jurisdiction over Colbert's claims, so they must be dismissed. To start, nothing in the complaint plausibly suggests that Colbert's claims for "tort," "slander," or "sexual assault" arise under any federal law or constitutional provision. Indeed, tort claims, including slander, generally sound in state law. And Colbert points to no federal statute providing her a cause of action for any alleged sexual assault. Further, although the allegations might suggest that Colbert was subjected to a hostile work environment under Title VII, she neither alleges a Title VII claim nor provides enough facts to support such a claim. *See* ECF No. 1 at PageID.8 (listing "nature of suit" as "Assault, Libel & Slander" only). There is also no diversity jurisdiction, given that Colbert and Wright are both alleged to be Michigan citizens. *See id.* at PageID.2; 28 U.S.C. § 1332(a).

In sum, Colbert has not plausibly alleged this Court's subject-matter jurisdiction over her claims. The case must therefore be dismissed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis*, ECF No. 2, is **GRANTED**. Further, Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. Further, Plaintiff is **DENIED** permission to proceed *in forma pauperis* on appeal because an appeal cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 31, 2025